# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:16-CR-00011-2 |
| v. | ) | **OPINION** |
| | ) | |
| **SHANA ARIZ CASTILLO,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*M. Suzanne Kerney-Quillen, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Shana Ariz Castillo, Defendant Pro Se.*

The defendant, Shana Ariz Castillo, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a motion to dismiss, to which Castillo has responded. For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 motion.

After pleading guilty, the defendant was sentenced by this court on September 30, 2016, to a total term of 108 months imprisonment, consisting of 104 months on Counts Two and Eight of the Indictment, to be served concurrently, to be followed by a term of four months on Count Six. Count Two charged the defendant with conspiring to manufacture a quantity of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C); Count Six charged her with aiding and abetting the creation of a

substantial risk of harm to human life while manufacturing or attempting to manufacture methamphetamine, a Schedule II controlled substance, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 858; and Count Eight charged her with aiding and abetting the manufacture and attempted manufacture of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, on premises in which an individual who is under the age of 18 years was present and resided, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 860(a). In her plea agreement, Castillo waived her right to collaterally attack her conviction or sentence except as to a claim of ineffective assistance of counsel.

In her § 2255 motion, the defendant contends she was wrongfully denied acceptance of responsibility points, that her attorney failed to object to the aiding and abetting charge on the ground of spousal immunity, and that her attorney erroneously promised her she would receive a shorter sentence than her husband. Finally, she contends that her counsel did not file a sentencing memorandum showing mitigating factors or prepare an allocution statement for the defendant.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that her sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by

law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

In her Plea Agreement, the defendant agreed to waive her right to collaterally attack her sentence, and at her plea colloquy she stated that she understood that she was waiving this right. A defendant may knowingly and voluntarily waive such a right. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Because the defendant is bound by her Plea Agreement and the statements made at her plea colloquy, I will dismiss as waived her claim regarding the denial of a reduction for acceptance of responsibility.

In her other claims, the defendant asserts ineffective assistance of counsel. Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687. To satisfy the prejudice prong

of *Strickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694.

Absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *Lemaster*, 403 F.3d at 221 (internal quotation marks omitted). During her plea colloquy, Castillo stated that she understood that her sentence might be different from any estimate her lawyer may have given her. She stated that no one had made any promise to her other than those made in the Plea Agreement that caused her to want to plead guilty. She further stated that she was fully satisfied with her attorney's representation. Based on these statements, I will grant the Motion to Dismiss as to her claim that her attorney promised her she would receive a shorter sentence than her husband.

I find that Castillo's claim concerning counsel's failure to object to Count Six on spousal immunity grounds fails under both prongs of the *Strickland* analysis. "The adverse spousal privilege is vested in the witness spouse, who may neither be compelled to testify nor foreclosed from testifying." *United States v. Parker*, 834 F.2d 408, 411 n.4 (4th Cir. 1987). Castillo's husband held the spousal privilege and voluntarily chose to testify, so the adverse spousal privilege does not

apply here. If she intended to rely on the confidential marital communications privilege, that doctrine does not help her either. Private communications between spouses are privileged. *United States v. Hamilton*, 701 F.3d 404, 407 (4th Cir. 2012). However, Castillo's own testimony at her plea hearing provided sufficient evidence to establish her guilt as to Count Six. She admitted to knowing that her husband was making methamphetamine in her apartment. She admitted to assisting him by supplying pseudoephedrine. She did not contest the summary of evidence presented by the prosecutor. Without reliance on any confidential spousal communications, there was ample evidence to establish her guilt as to Count Six. Castillo seems to be under the mistaken impression that a wife cannot aid and abet the commission of a crime by her husband, but that is not the law. I will dismiss this claim because Castillo cannot establish that counsel's decision not to raise a spousal immunity challenge was an unreasonable strategy or that raising such a challenge would have caused Castillo to reject the Plea Agreement and insist on going to trial.

As to Castillo's claim that her counsel did not file a sentencing memorandum or prepare an allocution statement for her, I also find that she cannot establish either deficient performance by counsel or any likelihood of a more favorable outcome absent such deficiencies. Castillo's attorney filed a Motion for Departure and Variant Sentence prior to the sentencing hearing. He argued

mitigating factors both in his motion and at the sentencing hearing. Castillo has not alleged any particular mitigating factors that she contends her counsel failed to raise. Castillo alleges in her § 2255 motion that her attorney assisted her in preparing an apology statement, which he gave her two days before sentencing. Castillo alleges that she was not given the opportunity to allocute, but she did in fact make an allocution during her sentencing hearing before I pronounced her sentence. Therefore, I find that she has not established deficient performance under *Strickland* and has also failed to show that she was in any way prejudiced by the alleged shortcomings of her attorney's performance.

For these reasons, I will grant the government's motion to dismiss. A separate final order will be entered herewith.

DATED: November 16, 2018

/s/ James P. Jones
United States District Judge